IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv220

| | |
|---|---|
| ROCKCRUSHER LLC; ROCKCRUSHER DIFFS 4x4 AXLE ASSEMBLIES PTY. LTD; and G & J GEARS P/L, <br><br> Plaintiffs, <br><br> Vs. <br><br> BRYAN HAMILTON; and ROCKCRUSHER OFF-ROAD, L.L.C., <br><br> Defendants. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court on the court's own Motion to Dismiss as well as the motions to dismiss and for summary judgment filed by the respective defendants.

On or about September 25, 2007, the undersigned entered an order allowing counsel for plaintiff to withdraw due to non-payment of counsels' professional fees. Inasmuch as some of the plaintiffs were corporate residents of foreign states and countries, the court required terminated counsel for plaintiffs to receive and forward on to the *pro se* corporate plaintiffs correspondence and orders. The now *pro se* corporate plaintiffs were warned that they could not continue to proceed in this court without the assistance of counsel as a matter of law. Specifically, the undersigned advised as follows:

> corporations may not proceed in this court without the assistance of counsel admitted to practice before the Bar of this court. The provision of legal representation for a corporation while not being a lawyer is a

-1-

criminal offense in North Carolina. "[I]n North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law ...." Dungan & Mitchell, P.A. v. Dillingham Const. Co., Inc., 608 S.E.2d 415, 2005 WL 351379, at 4 (N.C.App. 2005)(citation and internal quotations omitted). A corporation is an artificial entity that cannot be represented by a *pro se* litigant and, instead, must appear by counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir.1985), *cert. denied*, 474 U.S. 1058 (1986).

> In North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se,* with three exceptions: (1) an employee of a corporate entity may prepare legal documents; (2) a corporation may appear *pro se* in small claims court; and (3) a corporation may make an appearance through a corporate officer in order to avoid default.
>
> In re Schwarz & Schwarz, Inc., 163 N.C.App. 358, 2004 WL 503662, 3 (2004). As the proponents of the litigation, plaintiffs have a particularly heavy burden in moving this case forward, and their failure to pay counsel has created a hardship that the court will not allow to be borne by defendants or the taxpayers.

Docket Entry (#15). The undersigned then allowed plaintiffs 30 days from issuance of such Order to retain and have appear substitute counsel. Such deadline expired by October 26, 2007, and the court has received no correspondence from plaintiffs or any attorney on their behalf. In the meantime, defendants filed dispositive motions and the deadlines for responding thereto have also expired. Although plaintiffs are proceeding *pro se*, the undersigned issued no Roseboro Order inasmuch as a corporate party cannot respond *pro se*.

The undersigned must, therefore, recommend that this action be dismissed inasmuch as plaintiffs have not retained substitute counsel as required by law and this court's Order. Inasmuch as this dismissal is based on plaintiffs' failure to obey an Order of this court, follow the laws of North Carolina and procedural rules

concerning corporate representation, and has resulted in a failure to prosecute, the court recommends in accordance with Rule 41(b), Federal Rules of Civil Procedure, that this dismissal be with prejudice.

As to defendants' dispositive motions, the undersigned make no recommendation at this time inasmuch as it appears that plaintiffs have not and could not file a response as a matter of law. In the event plaintiffs appear through counsel in objecting to this recommendation, and the district court allows such appearance and denies the court's own Motion to Dismiss, such event may well reopen, in the discretion of the district court, the time for responding to defendants' motions. In that event, the undersigned would address the defendants' various motions. At this time, it does not appear that addressing defendants' motions would be a wise use of judicial resources, inasmuch as it appears unlikely that plaintiffs desire to further prosecute this case.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the court's own Motion to Dismiss be **GRANTED** and that this action be dismissed with prejudice, and that the motions to dismiss and for summary judgment filed by the respective defendants (#16) be **DENIED** without prejudice as **MOOT**.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and

recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: November 5, 2007

Dennis L. Howell
United States Magistrate Judge